**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

JOHN DOE

     *Plaintiff,*

v.

ROMAN CATHOLIC BISHOP OF
PROVIDENCE, A CORPORATION SOLE

and

SAINT MATTHEW'S CHURCH OF
CENTRAL FALLS,

     *Defendants.*

**JURY TRIAL DEMANDED**

**Case No. 26-cv-00455/O TF/RCU**

**PLAINTIFF'S EMERGENCY MOTION FOR LIMITED EXPEDITED
DISCOVERY AND PRESERVATION ORDER**

Plaintiff, John Doe, by and through his undersigned counsel, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 26(d)(1) and the Court's inherent equitable authority for an emergency order granting limited expedited discovery to ensure critical evidence is preserved. Plaintiff respectfully requests leave to conduct a corporate designee deposition of a representative of Defendant Roman Catholic Bishop of Providence, a corporation sole ("DOP" or the "Diocese") solely for the purpose of ensuring that critical evidence, including secret files and other information referenced in Attorney General Neroha's recent report, are preserved and ultimately produced.

Immediate intervention is required to prevent the irreparable spoliation of critical personnel files, internal memoranda, and communications. The threat of document destruction in this case is not theoretical or speculative; it is a matter of documented

1

historical record and institutional practice both within the Diocese and the broader Catholic hierarchy.

## I. <u>IMMEDIATE LIMITED DISCOVERY IS NECESSARY HERE</u>

Normally, parties may not seek discovery before the Rule 26(f) conference. However, Rule 26(d)(1) permits expedited discovery by court order upon a showing of "good cause." *See, e.g., Momenta Pharms., Inc. v. Teva Pharms. USA, Inc.*, 765 F. Supp. 2d 87, 88 (D. Mass. 2011) (applying the good cause standard within the First Circuit). Concurrently, federal courts possess the inherent authority to issue preservation orders upon a showing that there is a significant risk that relevant evidence will be lost or destroyed.

Here, good cause and the necessity for an immediate preservation order are established by a documented track record of deliberate document destruction and concealment orchestrated by Catholic Church authorities to shield the institution from civil liability. Absent an immediate preservation order and leave to serve expedited, targeted discovery, Plaintiff will likely suffer irreparable harm through the loss of critical evidence.

## II. <u>THE DOCUMENTED RISK OF SPOLIATION</u>

The Diocese of Providence, operating in concert with the broader hierarchical structures of the Catholic Church, has historically adhered to policies designed to purge sensitive files that pose a threat to the institution.

### A. The Rhode Island Attorney General Revealed the Diocese of Providence's Past Practice of Destroying Evidence.

The specific risk of spoliation within the Diocese of Providence is well documented. According to the Attorney General Peter Neronha's recent Report ("AG's

Report")[1] examining the Diocese's handling of clergy abuse, investigators uncovered explicit evidence of document destruction. As noted on page 21 AG's Report: "There was also evidence of a Diocesan policy or practice of destroying confidential files following priests' deaths unless there was pending litigation involving the priests." *See* Attorney General's Report at 21, attached hereto as **Exhibit A**.

This institutional policy of purging records creates an immediate and ongoing threat to the integrity of the evidentiary record in this matter. The AG Report makes this clear. Without intervention, records essential to Plaintiff's case may be lost forever.

### B. The Institutional Practice of Concealment and Destruction of Evidence is Part of a Broader Strategy to Protect Catholic Institutions as a Whole.

The practices identified in Providence are not isolated; they reflect a broader, systemic strategy recommended and implemented by Catholic dioceses and canon lawyers nationwide to evade civil discovery. For example, the purposeful destruction of priest records was explicitly documented in a 1989 letter from the Servants of the Paraclete to the Diocese of Manchester, wherein Church officials were advised to destroy sensitive records pertaining to accused priests. *See* 1989 Letter from Servants of the Paraclete to the Diocese of Manchester, attached as **Exhibit B**.

Furthermore, high-ranking canon law officials have publicly advised diocesan leadership to exploit diplomatic channels to hide evidence from United States courts. In a 1990 address to the Midwest Canon Law Society, Bishop A. James Quinn, J.D. of the Diocese of Cleveland explicitly instructed church lawyers on how to handle dangerous

---

[1] R.I. Off. of the Att'y Gen., Report on Child Sexual Abuse in the Diocese of Providence (2026), https://riag.ri.gov/diocese-report.

files, stating: "[A]lthough destroying subpoenaed documents [is] illegal, prior . . . thought and study ought to be given if you think it's going to be necessary; if there's something [in a personnel file] you really don't want people to see, you might send it off to the Apostolic Delegate [the papal representative to the Catholic Church in the United States] because they have immunity to protect something that is potentially dangerous." *See* 1990 Bishop A. James Quinn, J.D. Address, attached as **Exhibit C**.

This documented history of destroying files—or transferring them outside the jurisdictional reach of U.S. federal courts under the guise of diplomatic immunity—demonstrates a severe, particularized risk of spoliation.

### III. ARGUMENT

**A. "Good Cause" Exists for Plaintiff to Conduct Limited Expedited Discovery on the Document Retention Policies of the Diocese of Providence and a Take 30(b)(6) Deposition of a Records Custodian.**

Under the "good cause" standard, a court may allow expedited discovery where the need for expedited discovery outweighs the prejudice to the responding party. *See Momenta Pharmaceuticals, Inc. v. Teva Pharmaceuticals Industries Ltd.*, 765 F. Supp.2d 87, 88-89 (D. Mass. 2011). Here, the targeted, immediate production of the relevant personnel and administrative files, along with an expedited Rule 30(b)(6) deposition regarding the Diocese's document retention, preservation, and destruction policies, poses a minimal burden to the Diocese. These files are kept in the ordinary course of diocesan administration (often in the "Secret Archives" mandated by Canon Law). The prejudice to the Diocese is zero, whereas the prejudice to Plaintiff—the permanent loss of the core evidence required to prove notice, knowledge, and institutional cover-up—is absolute.

4

The records requested by Plaintiff are discoverable, but without this Court's intervention may not exist by the time this case reaches the discovery phase. Past practice of the Diocese of Providence as well as other Catholic institutions make this abundantly clear. Without this Court's intervention, Plaintiff may never have the documents necessary to make out his case.

**B. An Emergency Preservation Order is Necessary to Ensure Discoverable Documents are Preserved by the Diocese of Providence.**

To obtain a preservation order, courts typically evaluate the level of concern that evidence will be destroyed, the irreparable harm that would result, and the burden on the producing party. *See Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 136 (2004) (establishing a widely cited standard for preservation orders). In this case, all these elements are undeniably met.

The Attorney General's explicit finding of a "Diocesan policy or practice of destroying confidential files," combined with Bishop Quinn's directive to exploit diplomatic immunity to hide "dangerous" files, elevates the risk of spoliation in this case from mere speculation to a documented reality. *See* AG's Report; Ex. B. This is not a fishing expedition. Rather, an order from this Court is necessary to ensure evidence is preserved because Plaintiff would be undeniably harmed if evidence were destroyed. Further, there is no burden on the Diocese of Providence in producing a corporate designee solely for the purpose of ensuring that evidence is preserved. Plaintiff will ultimately be entitled to this information as these are discoverable documents that would be produced during discovery later on in the case. Moreover, a limited deposition solely focused on record retention and preservation is a minimal burden relative to the real threat of document destruction.

An order expressly enjoining the Diocese of Providence from destroying, altering, or transferring any personnel files, internal memoranda, or communications related to Fr. Roland Lepire is necessary to preserve the Court's ability to render a just decision on the merits of this case.

### C. Plaintiff's Proposed Discovery is Narrowly Tailored to Document Preservation.

Plaintiff seeks to take a deposition of a corporate designee of the Diocese pursuant to Rule 30(b)(6). As reflected in the attached Notice of Deposition, the topics of the deposition will be limited to issues pertaining to document preservation. *See* Notice of Deposition, attached as **Exhibit D**. Plaintiff will also seek certain documents that relate to the preservation issue in a request for production of documents pursuant to Federal Rule of Civil Procedure 34. *See* Request for Production of Documents, attached as **Exhibit E**. All the topics and area of document requests are narrowly tailored to address justified concerns regarding destruction of evidence.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter the attached Order.

Respectfully submitted,

**HERMAN LAW GROUP**                              **GRANT & EISENHOFER P.A.**

*/s/ Louise A. Herman*                                   */s/ Elizabeth Graham*
Louise A. Herman, Esq. (#6430)               Elizabeth Graham, Esq.
1445 Wampanoag Trail, Suite 104            (*Pro Hac Vice Forthcoming*)
E. Providence, RI 02915
(401) 277-4110                                          */s/ Steven J. Kelly*
(401) 433-0139 (fax)                                 Steven J. Kelly, Esq.
Email: lherman@lhermanlaw.com           (*Pro Hac Vice Forthcoming*)

6

*/s/ Garrett Gittler*
Garrett Gittler, Esq.
(*Pro Hac Vice Forthcoming*)
123 Justison Street
Wilmington, DE 19081
Phone: (410) 204-4528
Fax: (302) 622-7001
egraham@gelaw.com
skelly@gelaw.com
ggittler@gelaw.com

Dated: July 2, 2026

7

JOHN DOE

     *Plaintiff,*

v.

ROMAN CATHOLIC BISHOP OF PROVIDENCE, A CORPORATION SOLE

and

SAINT MATTHEW'S CHURCH OF CENTRAL FALLS,

     *Defendants.*

**JURY TRIAL DEMANDED**

**Case No0'"48/ex/22655/O TF/RCU**

### DECLARATION OF PATRICK J. WALL IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR EXPEDITED DISCOVERY AND PRESERVATION ORDER

I, Patrick J. Wall, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.    I am a resident of Los Angeles, California and former priest and Benedictine Monk.

2.    I submit this Declaration in support of Plaintiff's Emergency Motion for Expedited Discovery and for an Order to Preserve Evidence. The facts set forth herein are based upon my personal knowledge, and if called to testify, I could and would testify competently thereto.

3.    I have investigated countless allegations of sexual abuse by Catholic clergy over the course of 30 years

4.    Attached hereto as Exhibit B is a true and correct copy of a 1989 letter from the Servants of the Paraclete to the Diocese of Manchester, directing or advising the destruction of documents and records pertaining to accused priests.

8

5.      Attached hereto as Exhibit C is a true and correct copy of an excerpt of a transcript of a 1990 speech delivered by Bishop A. James Quinn, J.D., to the Midwest Canon Law Society. In this speech, Bishop Quinn advises church officials that "if there's something [in a personnel file] you really don't want people to see, you might send it off to the Apostolic Delegate because they have immunity to protect something that is potentially dangerous."

6.      The documents attached as Exhibits A, B, and C are matters of public record or have been authenticated in prior judicial proceedings across the country.

7.      The Diocese of Providence maintains a "Secret Archive" (as mandated by Canon Law 489), as well as general personnel and administrative files. These repositories contain the core documentary evidence necessary to establish Plaintiff's claims of notice, knowledge, and concealment regarding the underlying abuse.

8.      Because the Diocese has an admitted historical practice of destroying priest files upon their death absent active litigation, and because high-ranking canon law officials have publicly advised transferring "dangerous" files outside the jurisdiction of the United States courts, there is a severe and imminent risk that crucial evidence will be destroyed if this Court does not intervene and permit immediate discovery.

9.      The proposed expedited discovery requests and deposition notice, attached to the Motion as Exhibits D and E and served concurrently herewith, are narrowly tailored to secure the immediate preservation and production of the specific files at highest risk of destruction or transfer.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

9

Executed on this 2nd day of July 2026, at Providence, Rhode Island.


*/s/ Patrick J. Wall*
Patrick J. Wall

**HERMAN LAW GROUP**

*/s/ Louise A. Herman*
Louise A. Herman, Esq. (#6430)
1445 Wampanoag Trail, Suite 104
E. Providence, RI 02915
(401) 277-4110
(401) 433-0139 (fax)
Email: lherman@lhermanlaw.com

**GRANT & EISENHOFER P.A.**

*/s/ Elizabeth Graham*
Elizabeth Graham, Esq.
(*Pro Hac Vice Forthcoming*)

*/s/ Steven J. Kelly*
Steven J. Kelly, Esq.
(*Pro Hac Vice Forthcoming*)

*/s/ Garrett Gittler*
Garrett Gittler, Esq.
(*Pro Hac Vice Forthcoming*)
123 Justison Street
Wilmington, DE 19081
Phone: (410) 204-4528
Fax: (302) 622-7001
egraham@gelaw.com
skelly@gelaw.com
ggittler@gelaw.com


Dated: July 2, 2026